AO 245B (SCDC Rev.09/11) Judgment in a Criminal Case Sheet 1

# UNITED STATES DISTRICT COURT
## District of South Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| vs. | |
| **SHAWN LURON DAVIS** | Case Number: **4:12CR00264-RBH (1)** |
| | USM Number: 23812-171 |
| | CAMERON LITTLEJOHN, CJA |
| | Defendant's Attorney |

**THE DEFENDANT:**

■   pleaded guilty to count <u>one (1) and three (3) on November 26, 2012.</u>

☐   pleaded nolo contendere to count(s) __which was accepted by the court.

☐   was found guilty on count(s) __after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:841(a)(1), 841(b)(1)(A) & 846 | Please see indictment | 03/27/12 | 1 |
| 18:924(c)(1)(A) | Please see indictment | 02/28/12 | 3 |

    The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)_____.

■   Counts <u>2, 4 and 5</u>     ☐ is   ■ are   dismissed on the motion of the United States.

☐   Forfeiture provision is hereby dismissed on motion of the United States Attorney.

    It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

April 11, 2013
Date of Imposition of Judgment

s/ R. Bryan Harwell
Signature of Judge

Hon. R. Bryan Harwell, U.S. District Judge
Name and Title of Judge

April 19, 2013
Date

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
    Sheet 2 - Imprisonment

Page 2

DEFENDANT: SHAWN LURON DAVIS
CASE NUMBER: 4:12CR00264-RBH (1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>one hundred twenty (120) months</u> as to <u>Count 1</u>. In accordance with statute, the defendant is sentenced to a term of <u>sixty (60) months</u> as to <u>Count 3</u>. This 60 month term shall run <u>consecutively</u> to the previous sentence imposed. Total aggregate sentence: <u>180 months</u>.

■    The court makes the following recommendations to the Bureau of Prisons: 1. Defendant serve his sentence at Bennettsville, S.C., or Williamsburg, S.C., facility, assuming he qualifies; if those facilities are not available, another facility in S.C.  2. Defendant be allowed to participate in drug rehabilitation, counseling or treatment programs available with Bureau of Prisons.

■    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m.   ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 3 - Supervised Release

Page 3

DEFENDANT: SHAWN LURON DAVIS
CASE NUMBER: 4:12CR00264-RBH (1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years.  This term consists of 5 years as to both Counts 1 and 3; all such terms to run <u>concurrently</u>.

While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervision outlined in 18 U.S.C. § 3583(d) and the following special conditions: 1. The defendant shall satisfactorily participate in a substance abuse treatment program, to include drug testing, as approved by the U.S. Probation Office. 2. The defendant shall enroll in and complete an educational program as approved by the U.S. Probation Office, with the objective of obtaining his GED, unless already obtained during his period of incarceration. 3. The defendant shall participate in a Vocational Training Program as approved by the U.S. Probation Office.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
    Sheet 4 - Criminal Monetary Penalties

Page 4

DEFENDANT: SHAWN LURON DAVIS
CASE NUMBER: 4:12CR00264-RBH (1)

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 5.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | **$ 200.00** | | |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement   **$** _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☐    The interest requirement is waived for the ☐ fine ☐ restitution.
    ☐    The interest requirement for the ☐ fine ☐ restitution is modified as follows:

\*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (SCDC Rev. 9/11) Judgment in a Criminal Case
Sheet 5 - Schedule of Payments

Page 5

DEFENDANT: SHAWN LURON DAVIS
CASE NUMBER: 4:12CR00264-RBH (1)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ■  Lump sum payment of **$200.00 (special assessment)** due immediately, balance due

☐ not later than _____, or

☐ in accordance with ☐ C, ☐ D, or ☐ E, or ☐ F below: or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐  Payment in equal _____(weekly, monthly, quarterly) installments of $_____over a period of _____(e.g., months or years), to commence _____ *(30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____(weekly, monthly, quarterly) installments of $_____over a period of _____(e.g., months or years), to commence _____ *(30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.



☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):
■  The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Order of Forfeiture, filed **December 28, 2012** and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

UNITED STATES OF AMERICA )    CRIMINAL NO.: 4:12-264
)
)
vs. )
)
SHAWN LURON DAVIS )
)

## JUDGMENT AND ORDER OF FORFEITURE

1. On March 27, 2012, a federal grand jury in this district returned a multi-count Indictment charging Defendant, Shawn Luron Davis ("Davis", "Defendant"), with various offenses related to drug trafficking, in violation of 21 U.S.C. §§ 841 and 846, and federal firearms offenses, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c). Pursuant to Fed.R.Crim.P. 32.2(a), the indictment contained a forfeiture allegation which provided that upon Davis' conviction, certain property enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c).

2. On November 26, 2012, Davis pled guilty to Counts 1 and 3 of the Indictment, which charged violations of 21 U.S.C. § 846 and 18 U.S.C. §1924(c), respectively. Based upon Davis' guilty plea and other matters of record, the court has determined that the conspiracy set forth in Count 1 of the Indictment generated a total of $500,000 in criminally-derived proceeds and Davis is jointly and severally

Order, p. 1 of 3

liable for a money judgment in that amount, and that such property is subject to forfeiture[1]. The court finds that the United States is entitled to a money judgment against Davis in the amount of $500,000, pursuant to Fed.R.Crim.P 32.2(b)(1)(A).

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1.    The Defendant shall forfeit to the United States all of his right, title and interest in and to any property, real or personal, tangible and intangible, constituting or derived from any proceeds Defendant obtained directly or indirectly as a result of his violation of 21 U.S.C. § 846 and 18 U.S.C. §1924(c), and any property used to facilitate Defendant's offense of conviction.

2.    JUDGMENT IS ENTERED against Defendant, and in favor of the United States in the amount of $500,000, together with appropriate costs provided for in 28 U.S.C. § 1961 as of the date of entry of judgment until paid in full, and the United States may satisfy such money judgment from any property of the Defendant.

3.    Upon entry, this Order becomes final as to Defendant, and shall be made part of his sentence and included in the criminal Judgment.

4.    Upon entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed.R.Crim.P. 32.2(b)(3);

---

[1]The $45,916 seized on February 28, 2012, and the $12,500 seized on March 6, 2012 listed in the indictment will not be forfeited by the United States.

Order, p. 2 of 3

and to commence proceedings that comply with statutes governing third party rights, if applicable.

5.     The United States may sell or otherwise dispose of in accordance with law any substitute assets as required to satisfy the above imposed money judgment.

6.     The government is not required to publish notice regarding the personal money judgment against the Defendant; however, the judgment shall be recorded in the records of the County Clerk's Office in the county of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

7.     The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8.     The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office for service of interested third parties and other purposes.

AND IT IS SO ORDERED.

s/ R. Bryan Harwell
R. BRYAN HARWELL
UNITED STATES DISTRICT JUDGE

Florence, South Carolina

December 28, 2013

Order, p. 3 of 3